IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff/Respondent, ) | |
| ) | |
| v. ) | Case No. 03-CR-16-JHP |
| ) | |
| SHAWN CHARLES KNUTSON ) | |
| ) | |
| Defendant/Petitioner. ) | |

## ORDER

Before the Court is a letter dated April 19, 2012, from Defendant/Petitioner Knutson. Defendant's Letter was addressed generally to the "Deputy Clerk, United States District Court."[1] Defendant/Petitioner's letter does not reference a specific case number, but cites a sentencing date of January 13, 2004.[2] Defendant has been sentenced in two separate cases in the Eastern District, 03-CR-16-JHP and 06-CR-66-JH. As the date cited in the Letter coincides with Defendant/Petitioner's sentencing in case number 03-CR-16-JHP, the Court considers the Letter in relation to that case.[3] The Court has characterized Defendant/Petitioner's Letter as a *pro se* Motion for Downward Departure and Motion for Appointment of Counsel.[4]

Defendant/Petitioner was charged with Mailing Threatening Communications, in violation of 18 U.S.C. §876.[5] On January 13, 2004, following entry of a guilty plea, this Court sentenced

---

[1] Docket No. 21.

[2] *Id.*

[3] *Id.*

[4] *See* Docket No. 21.

[5] Judgment, Docket No. 20.

1

Defendant/Petitioner to 96 months' imprisonment.[6] Defendant/Petitioner neither directly appealed nor filed a motion pursuant to 28 U.S.C. §2255. In the instant letter, Defendant/Petitioner now states he "would like to move, and Filed A Motion Departure Downward From Sentencing Guidelines."[7] He moves pursuant to the duress provision of U.S.S.G. §5K2.12, citing his diminished capacity.[8] Defendant/Petitioner goes on to state that he believes he is eligible for the departure "do [sic] to my past mental health record." Defendant/Petitioner seeks an appointment of counsel to further assist him with this Motion and enclosed with his letter a financial affidavit and an account statement from the Inmate Financial Responsibility Program.[9]

The Court need not reach the prospective merits of Defendant/Petitioner's proposed Motion. "[A] district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authority."[10] Where a motion for sentencing reduction "is not a direct appeal or a collateral attack under 28 U.S.C. §2255, the viability of [the] motion depends entirely on [the applicability of] 18 U.S.C. §3582(c)."[11] Under Section 3582(c), a court may not modify a term of imprisonment once it has been imposed except in three limited circumstances:

> First, upon motion of the Director of the Bureau of Prisons, a court may reduce the term of imprisonment if it finds special circumstances exist. Second, a court may modify a sentence if such modification is 'otherwise expressly permitted by statute

---

[6]*Id.*

[7]Docket No. 21

[8]*Id.*

[9]*Id.*

[10]*United States v. Smartt*, 129 F.3d 539, 540 (10th Cir.1997) (*quoting United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997)).

[11]*Smartt*, 129 F.3d at 540.

2

or by Rule 35 of the Federal Rules of Criminal Procedure.' Finally, a court may modify a sentence if "a sentencing range . . . has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o).[12]

The sentence from which Defendant/Petitioner seeks a downward departure was imposed by this Court on January 13, 2004.  Without some statutory authority, this Court is without jurisdiction to grant a departure. Defendant/Petitioner offers no statutory authority to support his position, and does not bring this motion either as a direct appeal of his sentence or as a collateral attack under 28 U.S.C. §2255. Lacking any other statutory authority, and outside the avenues of direct appeal and collateral attack, Defendant/Petitioner's motion must be considered in light of 18 U.S.C. §3582(c).[13]

Defendant/Petitioner has not provided any motion from the Director of the Bureau of Prisons that would permit the Court to review his case for "special circumstances." Further, Defendant/Petitioner has offered no allegations of "arithmetical, technical, or other clear error" or that his sentence was otherwise incorrect, and his motion is well after 14 days post-sentencing, therefore a Rule 35 analysis is inappropriate. Finally, Defendant/Petitioner has not alleged that he was sentenced under a Guidelines range that has subsequently been lowered by the Sentencing Commission.

Without a showing that one of the three §3582(c) factors apply, this Court is without jurisdiction to modify Defendant/Petitioner's sentence. As this court is without jurisdiction to hear Defendant/Petitioner's Motion for Downward Departure, the Motion must be **DENIED**. As Defendant/Petitioner has no prospect for relief on his proposed Motion, appointment of counsel is

---

[12]*Smartt*, 129 F.3d at 540-541 (*internal citations omitted*).

[13]*See Smartt*, 129 F.3d at 540-541.

3

unwarranted at this time. Defendant/Petitioner's Motion for Appointment of Counsel is similarly **DENIED**.

**IT IS SO ORDERED this 27th day of April, 2012.**

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma